**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ESCHOL B. ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:08-0495** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **Judge Thomas A. Wiseman, Jr.** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Eschol B. Anderson's Motion for Judgment on the Administrative Record (Doc. No. 20) and supporting memorandum (Doc. No. 21) seeking judicial review of the Commissioner's denial of Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Court withdraws the previous reference to the Magistrate Judge. For the reasons explained below, the Court finds that the ALJ's decision is supported by substantial evidence in the record, and that the ALJ applied the correct legal principles in reaching his decision. Accordingly, Plaintiff's motion will be denied, the Commissioner's decision affirmed, and this matter dismissed.

**I.     INTRODUCTION**

Plaintiff was born July 23, 1952 and was fifty on the alleged onset date of April 3, 2002. (*See* Doc. No. 10, Certified Transcript of Administrative Record ("TR"), at 29.) Plaintiff filed for SSI on February 24, 2003, and DIB on March 17, 2003. (TR 29.) Plaintiff's claim was denied initially by the Commissioner on May 20, 2004, and again upon reconsideration on December 3, 2004. (TR 21.) At the age of 53, Plaintiff was granted a hearing before administrative law judge ("ALJ") Donald E. Garrison on June 20, 2006. In a decision dated September 26, 2006, the ALJ denied Plaintiff's application for benefits. (TR 18-30). Plaintiff thereafter filed a timely request for review by the Appeals Council, and on March 6, 2008, the Appeals Council denied Plaintiff's request for review. (TR 6-10). The ALJ's decision thus became the final decision of the Commissioner, from which the Plaintiff's appeal arises pursuant to 42 U.S.C. §§ 405(g) and 13183(c)(3).

## II.     THE ALJ'S SEPTEMBER 26, 2006 DECISION

Based on his review of the entire record, ALJ Donald E. Garrison determined that the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act, and made the following findings in a written opinion issued September 26, 2006:

1.     The claimant meets the insured status requirements of the Social Security Act through September 30, 2006.

2.     The claimant has not engaged in substantial gainful activity since April 3, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3.     The claimant has the following severe impairments: diabetes mellitus (diabetes type II), hypertension, obesity, syncope, peripheral vascular disease (PVD), chronic obstructive pulmonary disease, and coronary artery disease (status post coronary artery bypass surgery) (20 CFR 404.1520(c) and 416.920(c)).

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.     After careful consideration of the record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform light work (lift or carry twenty pounds occasionally, and ten pounds frequently, and stand, walk or sit for 6 out of 8 hours), with occasional performance of postural activities such as balancing, climbing, crawling, crouching, kneeling, and stooping; avoidance of any exposure to chemicals, dust, fumes, heights, moving machinery, and any driving.

6.     The claimant is unable to perform any past relevant work (20 CFR § 404.1565 and 416.964).

7.     The claimant was born on July 23, 1952 and was approximately 50 years old on the alleged disability onset date, which is defined as an individual closely approaching advanced age (CFR 404.1563 and 416.963).

8.     The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.     Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11.     The claimant has not been under a "disability," as defined in the Social Security Act, from April 3, 2002 through the date of this decision (20 CFR 404.1520(g) and 416.920(g).

(TR 18-30.)

III.     APPLICABLE LEGAL STANDARDS

A.     Standard of Review

Under the Social Security Act (the "Act"), the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion.  *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995).  Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantiality is based on the record taken as a whole.  *See Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).  When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration.  *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

B.     Evaluation of Entitlement to Social Security Benefits

Under the Act, a claimant is entitled to receive benefits only if he is deemed "disabled."  42 U.S.C. § 423(d)(1)(A).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Disability means a claimant, in light of his "age, education, and work experience," would be unable to "engage in any other kind of substantial work which exists in the economy."  42 U.S.C. § 423(d)(2)(A).

In applying the standards for determining disability, the Commissioner has promulgated regulations setting forth a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 406.920. An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. *See id.* The Sixth Circuit has summarized the five-steps of the sequential evaluation process as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); 20 C.F.R. § 404.1520(b)-(f). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at step five to show that alternative jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity ("RFC"). *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.    ANALYSIS AND DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ Erred in Applying Grid 202.10 to Direct a Finding of Not Disabled;

2. Whether the ALJ Failed to Resolve the Conflict between the DOT and VE Testimony;

(Pl.'s Brief, at 6; Pl.'s Reply, at 4.)

As set forth above, the question for this Court is whether substantial evidence supports the ALJ's findings and whether he applied the correct legal standards. *Abbott*, 905 F.2d at 922.

Because of the relatively focused nature of the Plaintiff's arguments, the Court does not find it necessary to provide an exhaustive factual account of the Plaintiff's medical history.

**A.  Whether the ALJ Erred in Applying Grid 202.10 to Direct a Finding of Not Disabled**

Plaintiff completed only the tenth grade of high school, and Plaintiff's work history consists of kitchen jobs, fruit picking, and assorted "temp" jobs, all at the unskilled level.  (TR 77, 82, 89-96, 858.) Plaintiff was fifty-four years old as of the date of the ALJ's decision and, as such, considered to be an individual closely approaching advanced age.  20 C.F.R. §§ 404.1563 and 416.963.  Given Plaintiff's age, education and past work experience, if Plaintiff had been found to be limited to sedentary work he would have been deemed disabled as a matter of law pursuant to Grid Rule 201.09.  20 C.F.R. pt. 404, Subpart P. App. 2.

As set forth above, however, the VE did not find that Plaintiff was limited to sedentary work; rather, he concluded that the Plaintiff was capable of performing a limited range of light work that required lifting no more than twenty pounds occasionally and ten pounds frequently, standing or walking for six out of eight hours, with occasional balancing, climbing, crawling, crouching, kneeling, and stooping.  He also found that Plaintiff should avoid exposure to chemicals, dust, fumes, heights, and moving machinery, and that he was not able to drive.  (TR 23-24.)

At the hearing before the ALJ on September 26, 2006, at which Vocational Expert ("VE") Michelle McBroom, Ph.D., testified, the ALJ posed a hypothetical asking whether there were jobs in the economy that could be performed by a claimant with limitations even more restrictive than the ALJ ultimately attributed to Plaintiff.  Specifically, the hypothetical presumed a claimant who was limited to standing or walking for only four out of eight hours; who had a limited ability to understand and remember such that he would be able to carry out only short and simple instructions and to make judgments on only simple work-related decisions.  (TR 886.)  In response, the VE identified "light jobs" available in the national economy that would accommodate these additional restrictions, as well as a sit/stand option.  (TR 887.) On cross examination, the VE clarified that, though the positions she identified were classified as light work, they usually only required lifting ten pounds or less, *rarely* required lifting more than twenty pounds, and, with respect to the jobs that offered a sit/stand option, some actually required no standing or walking at all and could be performed while sitting for eight hours.  (TR 895-96.)

In the present motion, Plaintiff maintains that all of the jobs identified by the VE should more appropriately have been classified as sedentary.  On the basis of that thin thread, Plaintiff asserts that the

ALJ erred in applying Grid Rule 202.10, pertaining to **light** work, rather than relying on Grid Rule 201.09, pertaining to **sedentary** work. 20 C.F.R. pt. 404, Subpart P. App. 2. In other words, Plaintiff argues that the ALJ improperly relied on the existence of sedentary jobs within his RFC in order to reach a decision denying disability benefits under Grid 202.10. Plaintiff maintains that, even when an ALJ clearly articulates a hypothetical based on an RFC limiting a claimant to light work, and the VE likewise responds with examples of light work, then, if the jobs which were enumerated as examples by the VE *could be* considered sedentary, regardless of their actual DOT classification, then the ALJ *must* apply the Grid Rule corresponding to a sedentary RFC. Plaintiff, however, misapprehends the law applicable to the ALJ's reliance on VE testimony and DOT job descriptions.

A "VE is to advise the ALJ of jobs found among various categories of employment which the plaintiff can perform with her limitations. The ALJ may choose to rely on the VE's testimony in complex cases, given the VE's ability to tailor her finding to an 'individual's particular residual functional capacity.' " *Beinlich v. Comm'r of Soc. Sec.*, No. 08-4500 U.S. App. LEXIS 20213, at *10 (6th Cir. Sept. 9**,** 2009) (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)); *see also* SSR 00-4p, 2000 SSR LEXIS 8 (noting that "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings"). In fact, so long as a VE's testimony is predicated upon a proper hypothetical, an ALJ is entitled to rely on it to find that the jobs described by the VE are properly within the category of work corresponding to the claimant's RFC. *Wright*, 321 F.3d at 616; *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 778 (6th Cir. 1987).

"Neither the ALJ nor the VE is required to follow the DOT." *Beinlich*, 2009 U.S. App. LEXIS 20213, at *11. And while an ALJ *may* find the jobs enumerated by the VE more or less demanding then their DOT description would indicate, that does not, however, mean that the ALJ *must* accept the plaintiff's construction of a job's limitations. *Wright*, 321 F.3d at 616; *Conn v. Sec'y of Health and Human Servs.*, 51 F.3d 607, 610 (1995). The focus of the inquiry then, is whether the ALJ's RFC described light work, and whether the VE's testimony was responsive to that hypothetical. As the Commissioner points out, "[a]n individual capable of light work is also determined to be capable of sedentary work" and the "regulations make clear that an individual's RFC is the most an individual can do, not the least, despite his limitations." (Def.'s Brief, at 9 (citing 20 C.F.R. §§ 404.1567(b) and 404.1545(a).) Here, the ALJ

determined that Plaintiff had the capacity to perform a limited range of light work, and then relied on the VE's testimony enumerating available light work jobs. So long as the ALJ's hypothetical for the VE referred to light jobs, which it did, and the VE responded with jobs *in that category* which were available, as she did, it is of no moment that some of those jobs might require lower exertion levels than others.[1]

Just because the Plaintiff would have the VE's selected jobs reclassified as sedentary, such a policy-based argument does not provide this Court with adequate cause to disturb the ALJ's otherwise proper reliance on substantial evidence in the record. Consequently, this Court finds that the ALJ's decision to apply the analytical framework Grid 202.10 was reasonable based on the RFC and the VE's testimony. The ALJ's decision applying the framework of Grid 202.10 will therefore be affirmed.

**B.      Whether the ALJ Failed to Resolve the Conflict between the DOT and VE Testimony**

Plaintiff's second argument, raised for the first time in his Reply Brief, is that the ALJ committed reversible error when he failed to resolve a conflict between the VE's testimony and the DOT. As an initial matter, this Court does not agree with Plaintiff's characterization of the VE as being of the opinion that the "actual exertional requirements [of the jobs identified by the VE] are at the sedentary level." (Pl.'s Reply, at 4.) To the contrary, the VE consistently maintained that the jobs she enumerated were *light positions* which were "classified up to 20 pounds," and conceded only that "all but possibly the cashiers rarely lift 20 pounds," and that the enumerated job examples would allow for sit/stand option. (TR 895-96.) However, as stated *supra*, an individual's RFC is simply the *most* he can do, not the *least*, despite his limitations. Just because the VE conceded that some of the jobs would rarely (but *not* never) require the maximum exertion of the light-work category, that statement, without more, does not operate to transform those light jobs into sedentary positions.

Plaintiff's further argument that the VE incorrectly classified the jobs she identified, and that the ALJ then erred by not requesting their specific job numbers, is ultimately unavailing. Plaintiff concedes that the "ALJ asked the VE at the beginning of the hearing whether she was testifying in accordance with

---

[1] Consequently, Plaintiff's heavy reliance on *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995), in which the government failed to produce any evidence that any job categorized as light work was available, and *Paschall v. Chater*, No. 95-7171, 1996 WL 4777575 (10th Cir. Aug. 23, 1996), in which all the jobs the VE identified, and upon which the ALJ subsequently relied, were sedentary, is, as the Commissioner correctly points out, misplaced. (Def.'s Brief at 6.) In the present case, in contrast to *Distasio* and *Paschall*, the ALJ's RFC, the hypothetical, and the VE's suggested jobs all pertained to light work, making the ALJ's reliance on the VE's evidence reasonable.

the Dictionary of Occupational Titles," to which the VE replied affirmatively. (Pl.'s Reply at 4 (citing TR at 858).) As the Sixth Circuit has explained, an ALJ complies with SSR 00-4p by asking the VE if his testimony is in accordance with the DOT. *Beinlich*, 2009 U.S. App. LEXIS 20213, at 10. "[T]he ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p." *Id.* (citing *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 606 (6th Cir. 2009)). Since neither the ALJ nor the VE is bound by DOT definitions, and the VE provided these light duty job examples based on her own professional experience, the ALJ's subsequent partial reliance on the VE's testimony will not be disturbed by this Court.

Based on the VE's testimony that he was considering only jobs at the light, unskilled level that would accommodate a claimant with the limitations outlined in the ALJ's hypothetical, the Court finds that the ALJ was justified in interpreting the VE's testimony to mean what she said: that the jobs she identified were unskilled, light jobs, though some jobs identified also existed at the sedentary level. The Court rejects Plaintiff's contention that the VE's testimony did not constitute substantial evidence and finds that the ALJ was reasonable in relying in part on the VE's testimony in finding Plaintiff not disabled.

## V.      CONCLUSION

For the reasons discussed above, the Court finds that the ALJ applied the appropriate legal standards in reaching his conclusion, and that his decision is supported by substantial evidence in the record. An appropriate order denying Plaintiff's motion for judgment will be entered.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge